J-S17042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENITH YADIEL OTERO-RUIZ | : | |
| | : | |
| Appellant | : | No. 1311 EDA 2024 |

Appeal from the PCRA Order Entered April 11, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003227-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENITH YADIEL OTERO-RUIZ | : | |
| | : | |
| Appellant | : | No. 2341 EDA 2024 |

Appeal from the PCRA Order Entered April 11, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003062-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENITH YADIEL OTERO-RUIZ | : | |
| | : | |
| Appellant | : | No. 2342 EDA 2024 |

Appeal from the PCRA Order Entered April 11, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003238-2020

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

J-S17042-25

MEMORANDUM BY KING, J.:                                    **FILED JULY 11, 2025**

Appellant, Kenith Yadiel Otero-Ruiz, appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> In [CP-39-CR-0003062-2021 ("Case No. 3062/2021")], Appellant was charged with one count [each] of burglary…, conspiracy to commit burglary…, criminal trespass…, theft by unlawful taking of movable property…, and receiving stolen property….
>
> In [CP-39-CR-0003227-2020 ("Case No. 3227/2020")]. Appellant was charged with fleeing or attempting to elude…, recklessly endangering another person…, and six summary traffic offenses.
>
> In [CP-39-CR-0003238-2020 ("Case No. 3238/2020")],. Appellant was charged with criminal homicide…, graded as a felony of the first degree, and firearms not to be carried without a license….
>
> … [Appellant] appeared before the [court] on May 16, 2022 to tender a guilty plea resolving all three of the above-captioned matters.  [Appellant signed a written plea colloquy, and the court conducted a plea colloquy on the record.]  Appellant entered open pleas to third degree murder and firearms not to be carried without a license in Case No. 3238/2020 [and] open pleas to burglary and theft by unlawful taking in Case No. 3062/2021[.  Appellant further entered a guilty] plea to fleeing or attempting to elude in Case No. 3227/2020 with the agreement that the sentence in that case would run concurrent with the other cases.  The [c]ourt reviewed the terms of the plea agreement with Appellant, and he confirmed [that he

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

understood] them.[2]  The [c]ourt ordered the preparation of a presentence investigation report [("PSI")] and scheduled sentencing for July 18, 2022.  The sentencing was continued to September 26, 2022 at [Appellant's] counsel's request in order to provide additional time [for] Appellant's expert, Dr. Frank Dattilio[, to prepare a psychological evaluation and mitigation report.]

On September 26, 2022, [the court held a sentencing hearing, during which Appellant's counsel presented Dr. Dattilio's testimony and report.  Counsel further argued for a mitigated sentence based on Appellant's cognitive limitations as identified by Dr. Dattilio.]  Appellant was sentenced in Case No. 3238/2020 to [20 to 40 years' incarceration] for the murder in the third degree [conviction], and [3 to 7 years' incarceration for the firearms conviction,] consecutive to the first count.  In Case No. 3062/2021, Appellant was sentenced to [an aggregate sentence of 12 to 36 months' incarceration] consecutive to the sentence imposed in Case No. 3238/2020.  In Case No. 3227/2020, Appellant was sentenced to [3 to 24 months' incarceration,] concurrent to [Case No.] 3062/2021.  The aggregate total sentence was [24 to 50 years' incarceration.]  Appellant filed a motion to reconsider [the

---

[2] At the plea hearing, the Commonwealth stated the factual basis for each offense.  In Case No. 3227/2020, police officers responded to a report of a man chasing a woman on February 20, 2020.  Based on the complainant's statement, the officers attempted to conduct a traffic stop of Appellant's vehicle.  Appellant did not stop and sped away, causing the officers to initiate a chase that lasted approximately five minutes and spanned four miles.  The officers arrested Appellant after he lost control of the vehicle and came to a stop.  In Case No. 3062/2021, fingerprint evidence and statements from Appellant's co-conspirators tied Appellant to the burglary of a Cerda Supermarket store that occurred on February 29, 2020.  Appellant and his co-conspirators broke into the store, and stole money, merchandise and a Glock .357 caliber firearm.  In Case No. 3238/2020, multiple witnesses stated that on July 4, 2020, Appellant and Jose Melendez had a verbal argument, which escalated when Appellant pulled out a firearm and shot Mr. Melendez multiple times, resulting in Mr. Melendez's death.  Officers determined that the ammunition found at the scene of the homicide matched the gun that was stolen from the Cerda Supermarket.  Appellant affirmed the factual basis presented by the Commonwealth on the record.

sentence] on October 3, 2022 solely with respect to Case
No. 3238/2020, which the court denied on October 5, 2022.

On October 12, 2022, Appellant filed a notice of appeal in
Case No. 3238/2020. He did not appeal the other two cases.
… On February 6, 2023, [this] Court dismissed the appeal
based on [Appellant's] failure to file a brief.[3]

(PCRA Court Opinion, filed 6/12/24, at 5-6).

On April 11, 2023, Appellant filed a timely *pro se* PCRA petition at all
three dockets. In the petition, Appellant alleged that plea counsel provided
ineffective assistance and unlawfully induced a guilty plea by promising that
Appellant's aggregate sentence would not exceed 15 to 30 years of
incarceration. Appellant further claimed that plea counsel was ineffective for
failing to object at sentencing and file a motion to withdraw his guilty plea
when the court imposed a sentence that was greater than the terms of the
plea agreement. The court appointed counsel, who filed a **Turner/Finley**[4]
letter and a motion to withdraw as counsel. In the **Turner/Finley** letter,
counsel addressed the issues Appellant raised in his *pro se* PCRA petition and
stated the reasons why he believed they lacked merit. Counsel further averred
that he conducted a thorough review of Appellant's case and determined that
there were no other meritorious issues to raise.

_____

[3] The only issue raised in Appellant's Pa.R.A.P. 1925(b) concise statement on
direct appeal was that the court abused its sentencing discretion by imposing
consecutive sentences without giving due consideration to mitigating factors.

[4] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988);
**Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On January 17, 2024, the court granted PCRA counsel's petition to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the Rule 907 notice and the court denied PCRA relief on April 11, 2024. Appellant filed timely notices of appeal at all three dockets on May 7, 2024. On May 8, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on June 3, 2024.

Appellant raises the following issues for our review:

> Whether guilty plea proceeding counsel and PCRA counsel provided ineffective assistance?
>
> Whether [the PCRA judge] violated Canon 1, Canon 2, and Canon 3?

(Appellant's Brief at 3).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119 provides:

> **Rule 2119. Argument**
>
> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

Pa.R.A.P. 2119(a)-(c). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review). Additionally, although this Court is willing to

liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. **Commonwealth v. Lyons**, 833 A.2d 245 (Pa.Super. 2003), *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005).

Instantly, the argument section in Appellant's brief is three pages, consisting of one continuous section that largely quotes generic or irrelevant caselaw. Appellant appears to be arguing that PCRA counsel was ineffective by filing a deficient **Tuner/Finley** letter. Nevertheless, Appellant fails to identify any deficiencies in PCRA counsel's **Turner/Finley** letter and cites only generic caselaw that sets forth the procedural requirements that counsel must follow when filing an **Anders**[5] brief. Appellant identifies two issues that he deems meritorious that counsel failed to discuss in the **Turner/Finley** letter. Specifically, Appellant asserts that the sentencing court erred by failing to sufficiently provide its reasons for imposing a sentence in the aggravated range; and plea counsel was ineffective for failing to present mitigating evidence at sentencing. Other than listing these two issues, Appellant makes no attempt to discuss the merits of these claims in his brief.[6] Additionally, Appellant summarily claims that the PCRA court violated the cannons of the

---

[5] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[6] We further note that Appellant did not raise these issues in his PCRA petition, or in response to the court's order granting counsel's petition to withdraw or the Rule 907 notice. **See Commonwealth v. Ousley,** 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011) (reiterating that issues not raised in PCRA petition cannot be considered on appeal).

code of judicial conduct but fails to discuss in any way how the court did so.[7]

Appellant's brief entirely fails to support his issues with meaningful discussion, references to the record, and citations to relevant authority. *See Hardy, supra*. As such, Appellant has waived his issues on appeal.[8] *See Gould, supra*. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

_____

[7] Appellant also did not include this issue in his Rule 1925(b) concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in concise statement are waived).

[8] Even if Appellant's issues were not waived, Appellant would not be entitled to relief. The issues that Appellant claims PCRA counsel failed to raise on his behalf lack merit. At the sentencing hearing, plea counsel presented the report and testimony of Frank Dattilio, who was accepted as an expert in clinical and forensic psychology. Mr. Dattilio testified that he conducted a psychological evaluation and authored a mitigation report, the purpose of which was to highlight mitigating factors that are present in Appellant's case. Dr. Dattilio testified that Appellant has cognitive disabilities that limit his ability to make rational decisions in high stress situations. Plea counsel argued for a mitigated sentence based on Appellant's cognitive limitations and his lack of a prior record. As such, the record belies Appellant's claim that plea counsel failed to present evidence of mitigating factors at sentencing. Further, at the sentencing hearing, the court gave an on-the-record statement of its reasons for imposing a sentence in the aggravated range. Accordingly, PCRA counsel was not ineffective for failing to raise these issues on Appellant's behalf and filing a *Turner/Finley* letter. *See Commonwealth v. Franklin*, 990 A.2d 795 (Pa.Super. 2010) (stating counsel cannot be deemed ineffective for failing to raise claim without merit).

Additionally, upon reviewing the record, we discern no support for Appellant's claim that the court violated the judicial code of conduct. To the extent Appellant is claiming that the court improperly denied Appellant's PCRA petition without conducting an independent review of the record, the record belies this assertion. In its Rule 907 notice, the court included a footnote which reviewed in detail each of the issues raised in Appellant's PCRA petition and the basis for the court's conclusion that the issues lacked merit.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2025